IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **BYRON K. GREEN,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. |
| **CLEMENT AUTO GROUP, LLC;** | ) |
| **HYUNDAI OF WENTZVILLE, LLC,** | ) |
| **D/B/A CLEMENT HYUNDAI**; and | ) |
| **PENUEL RAJ CLEMENT,** individually, | ) |
| | ) |
|     Defendants. | ) |

**VERIFIED COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT &
THE MISSOURI MINIMUM WAGE LAW**

COMES NOW Plaintiff Byron K. Green ("Mr. Green" or "Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendants Clement Auto Group, LLC ("Clement Auto"), Hyundai Of Wentzville, LLC, d/b/a Clement Hyundai ("Clement Hyundai"), and Penuel Raj Clement ("Mr. Clement") (collectively hereinafter referred to as "Defendants"), states and alleges as follows:

**NATURE OF THE COMPLAINT**

1. Plaintiff brings this action against Defendants under federal and state law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 *et seq*.

2. Plaintiff brings this action against Defendants for unpaid overtime compensation, and related penalties and damages.

3. Defendants' payroll policies and practices were and are in direct violation of the FLSA, 29 U.S.C. § 201, *et seq*.

1

4. Defendants' payroll policies and practices were and are in direct violation of the MMWL, Mo. Rev. Stat. § 290.500 *et seq.*

5. For said violations, Plaintiff seeks unpaid back wages; liquidated and/or other damages as permitted by applicable law; as well as attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6. Plaintiff Byron Green, at all times relevant hereto, was and is a citizen and resident of Wentzville, St. Charles County, Missouri.

7. Defendant Clement Auto Group, LLC, at all times relevant hereto, was and is a Missouri limited liability company in good standing with its principal place of business at 600 Kellwood Pkwy., Suite 120, Chesterfield, MO 63017; it may be reached for service through its register agent, Jacqueline Kinder, at the same address.

8. Defendant Clement Hyundai, a wholly owned subsidiary of Clement Auto Group, LLC, at all times relevant hereto was and is a Missouri limited liability company in good standing with its principal place of business at 600 Kellwood Pkwy., Suite 120, Chesterfield, MO 63017; it may be reached for service through its register agent, Jacqueline Kinder, at the same address.

9. Upon information and belief, Defendant Penuel Raj Clement, the primary owner of both Clement Auto Group and Clement Hyundai, is an adult resident of Chesterfield, Missouri.

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

2. Defendant Clement Auto Group is authorized to conduct, and does conduct, substantial

Doc ID: 7f9b94efdfde8138b3dc9ffcdb5bc18aadfb36e0

and continuous business in the State of Missouri, specifically in Wentzville, St. Charles County, Missouri; this Court, therefore, has personal jurisdiction over Defendants.

3. Defendant Clement Hyundai is authorized to conduct, and does conduct, substantial and continuous business in the State of Missouri, specifically in Wentzville, St. Charles County, Missouri; this Court, therefore, has personal jurisdiction over Defendants.

4. Defendant Penuel Raj Clement is a resident of Missouri, and, consequently, this court has personal jurisdiction over him.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in this District.

6. At all times relevant hereto, Defendants employed fifty (50) or more employees within a seventy-five (75) mile radius of its facility in Wentzville, St. Charles County, Missouri.

7. At all times relevant hereto, Defendants were and are an employer within the meaning of the FMLA.

## FACTUAL BACKGROUND

8. Defendant Clement Auto Group, LLC owns and operates a number of automotive dealerships in eastern Missouri, including Hyundai of Wentzville, LLC, d/b/a Clement Hyundai.

9. Defendant Clement Hyundai is a Hyundai dealership in Wentzville, Missouri.

10. Defendant Penuel Raj Clement is the owner and president of Defendant Clement Auto Group and is directly involved in the management of Clement Hyundai.

11. On February 8, 2022, Mr. Clement hired Mr. Green as a Service Advisor-Writer at Clement Hyundai.

12. As Service-Advisor, Mr. Green was responsible for facilitating customer vehicle repairs and maintenance while ensuring a positive customer experience.

13. In compensation, Clement Hyundai paid Mr. Green a fixed salary of approximately

$84,000 plus commission, regardless of the number of hours he worked, from his start date until his termination in March 2024.

14. Although Mr. Green had an official forty-hour work schedule of 8:00 a.m. – 5:00 p.m., in fact he was expected to, and did, work considerably more than forty hours in virtually every week he worked for Defendants.

15. On average, to the best of Mr. Green's recollection, he worked approximately fifty hours per week.

16. Although Mr. Green clocked in and out on the company's phone app, including his overtime hours, he was never paid for the hours he worked over forty in a workweek.

17. Although Mr. Green typically worked past 5:00 in the evening, and would typically not get to take a lunch, due to his heavy work load, management would adjust his time at the end of each week to show him working 8:00 to 5:00, with a full hour lunch break, every work day.

18. Mr. Green's duties were unrelated to the management or general business operations of Clement Hyundai or its customers, nor did Mr. Green regularly exercise discretion and independent judgment in significant matters affecting the company.

19. Mr. Green's job did not involve the supervision of others, and he had no authority to hire or fire Defendants' employees, nor were his suggestions as to the hiring and firing of employees given any particular weight.

20. On March 15, 2024, Mr. Green was terminated from his employment by Mr. Clement, for reasons unrelated to his compensation.

**COUNT I--VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

10. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

Doc ID: 7f9b94efdfde8138b3dc9ffcdb5bc18aadfb36e0

11. At all relevant times, Defendants' annual gross business done was not less than $500,000. 29 U.S.C. § 203(s)(1)(A)(ii).

12. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

13. Accordingly, at all relevant times, Defendants were covered "employers" subject to the enterprise coverage of the FLSA. 29 U.S.C. § 203(s)(1).

14. At all relevant times, Defendant Penuel Raj Clement was the owner and president of Clement Auto Group, LLC, which in turn owns Clement Hyundai, and exercised significant control over the operations of the company.

15. At all relevant times, Mr. Clement exercised the authority to: (a) hire and fire employees of Clement Hyundai; (b) determine the work schedules of the employees of Clement Hyundai; and (c) control the finances and operations of Clement Hyundai.

16. Given his ownership of the company and level of control exerted over its operations, Mr. Clement was an employer within the meaning of the FLSA, 29 U.S.C. § 203.

17. The FLSA requires each covered employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

18. At all relevant times, Plaintiff was a non-exempt employee and subject to the coverage of the FLSA.

19. During the relevant period, Plaintiff regularly worked more than forty hours in a workweek.

20. During the relevant period, Defendants willfully failed to pay Plaintiff an overtime

Doc ID: 7f9b94efdfde8138b3dc9ffcdb5bc18aadfb36e0

premium for his hours worked over forty in a given workweek.

21. Instead, Defendants paid Plaintiff the same amount each week regardless of his hours worked.

22. As a result of Defendant's failure to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

23. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

24. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

**COUNT II—VIOLATION OF THE MISSOURI MINIMUM WAGE LAW**

25. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

26. At all relevant times, Defendants were employers, pursuant to the MMWL. Mo. Rev. Stat. § 290.500(4).

27. At all relevant times, Plaintiff was a covered employee, pursuant to the MMWL. Mo. Rev. Stat. § 290.500 (3)

28. The MMWL requires employers, including Defendants, to pay employees for hours worked over forty in a work week "a rate not less than one and one-half times the regular rate at which he is employed." Mo. Rev. Stat. § 290.505 (1).

29. Defendants have willfully failed and refused to pay its employees, including Plaintiff, an overtime premium equivalent to one and one-half times their regular rate of pay whenever these employees work more than forty hours in a workweek.

30. As a result of Defendants' failure to compensate Plaintiff and all those similarly situated at a rate of not less than one and one-half times the regular rate of pay for all work

Doc ID: 7f9b94efdfde8138b3dc9ffcdb5bc18aadfb36e0

performed in excess of forty hours in a work week, Defendants have violated the MMWL, Mo. Rev. Stat. § 290.505 (1).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Byron K. Green prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, treble damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,

s/*Philip E. Oliphant*
Philip E. Oliphant, Bar Number: 25990(TN)
THE ROLWES LAW FIRM, LLC
1951 Mignon Avenue
Memphis, TN 38107
901.519.9135 (voice)
901.979.2499 (fax)
poliphant@rolweslaw.com

Edward J. Rolwes, Bar Number: 51522(MO)
THE ROLWES LAW FIRM, LLC
2333 South Hanley Road, S. 104
St. Louis, MO  63144
314-806-9626 (voice)
314-472-0900 (fax)
erolwes@rolweslaw.com

*Attorneys for Plaintiff*

Doc ID: 7f9b94efdfde8138b3dc9ffcdb5bc18aadfb36e0

## **DECLARATION AND VERIFICATION**

I, Byron K. Green, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Fair Labor Standards Act and the Missouri Minimum Wage Law are true to the best of my knowledge and belief, and that the Complaint is not made out of levity or by collusion with Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

_____
Byron K. Green

03 / 18 / 2025

_____
Date

Doc ID: 7f9b94efdfde8138b3dc9ffcdb5bc18aadfb36e0



Audit trail

| | |
|---|---|
| Title | 250318 - Byron Green FLSA Complaint |
| File name | 250318 - Byron Green FLSA Complaint.pdf |
| Document ID | 7f9b94efdfde8138b3dc9ffcdb5bc18aadfb36e0 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

## Document History

**SENT** — 03 / 18 / 2025  11:14:39 UTC-4
Sent for signature to Byron Green (bkgreen87@icloud.com) from philip.oliphant@att.net
IP: 68.77.193.19

**VIEWED** — 03 / 18 / 2025  21:21:17 UTC-4
Viewed by Byron Green (bkgreen87@icloud.com)
IP: 174.86.90.67

**SIGNED** — 03 / 18 / 2025  21:22:00 UTC-4
Signed by Byron Green (bkgreen87@icloud.com)
IP: 174.86.90.67

**COMPLETED** — 03 / 18 / 2025  21:22:00 UTC-4
The document has been completed.