## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISON

|  |  |  |
|---|---|---|
| BYRON K. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 4:25-cv-00343 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CLEMENT AUTO GROUP, LLC; | ) | |
| HYUNDAI OF WENTZVILLE, LLC, | ) | |
| D/B/A CLEMENT HYUNDAI; and | ) | |
| PENUEL RAJ CLEMENT, individually | ) | |
| | ) | |
| Defendants. | ) | |

### CLEMENT AUTO GROUP, LLC'S AND HYUNDAI OF WENTZVILLE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW Defendants Clement Auto Group, LLC and Hyundai of Wentzville, LLC d/b/a Clement Hyundai (hereinafter "Defendants"), by and through their undersigned counsel, GORDON REES SCULLY MANSUKHANI, LLP, and for their Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

### NATURE OF THE COMPLAINT

1.      Defendants admit only that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (hereinafter "FLSA") and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 et seq.  (hereinafter "MMWL").  Answering further, Defendants deny that they violated said Act or Statute, deny that they committed any unlawful conduct, and deny that Plaintiff is entitled to damages.

2.      Defendants admit only that Plaintiff purports to bring this action in attempt to recover damages and related penalties pursuant to FLSA and MMWL. Answering further, Defendants deny that they violated said Act or Statute, deny that they committed any unlawful

conduct, and deny that Plaintiff is entitled to damages or any other relief.

3.       Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.       Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.       Defendants admit only that Plaintiff purports to bring this action in attempt to recover damages and other relief.  Answering further, Defendants deny they committed any violations and deny that Plaintiff is entitled to damages or any other relief.

## PARTIES

6.       Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis, deny the same.

7.       Defendants admit the allegations of Paragraph 7 of Plaintiff's Complaint.

8.       Defendants admit the allegations of Paragraph 8 of Plaintiff's Complaint.

9.       Defendants admit only that Penuel Raj Clement is an adult resident of Chesterfield, Missouri.  Defendants deny the remaining allegations of Paragraph 9 of Plaintiff's Complaint.

## JURISDICTION AND VENUE [1]

1.       The allegations of Paragraph 1 of the Jurisdiction and Venue section of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit only that this Court has original federal question jurisdiction.

2.       Defendants admit only that Clement Auto Group, LLC is authorized to conduct and does conduct business in the State of Missouri, including Wentzville, St. Charles County.  The remaining statements in Paragraph 2 of the Jurisdiction and Venue section of Plaintiff's Complaint assert a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the same.

---

[1] Defendants note that Plaintiff's Complaint begins back at number 1 in this section. As such, Defendants' Answer mimics Plaintiff's numerical system for the purpose of consistency within the current and any further pleadings.

3. Defendants admit only that Hyundai of Wentzville, LLC d/b/a Clement Hyundai is authorized to conduct and does conduct business in the State of Missouri, including Wentzville, St. Charles County. The remaining statements in Paragraph 3 of the Jurisdiction and Venue section of Plaintiff's Complaint assert a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the same.

4. Defendants admit only that Penuel Raj Clement is a resident of Missouri. The remaining statements in Paragraph 4 of Plaintiff's Complaint assert a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants admit the same.

5. Paragraph 5 of the Jurisdiction and Venue section of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants admit the same.

6. Defendants admits only that Clement Auto Group, LLC and Hyundai of Wentzville, LLC, d/b/a Clement Hyundai employed fifty (50) or more employees within a seventy-five (75) mile radius of Wentzville, St. Charles County, Missouri. Defendants deny the remaining allegations contained in Paragraph 6 of the Jurisdiction and Venue section of Plaintiff's Complaint.

7. The allegations of Paragraph 7 of the Jurisdiction and Venue section of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the same.

## FACTUAL BACKGROUND

8. Defendants admit the allegations contained in Paragraph 8 of the Factual Background section of Plaintiff's Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Factual Background section of Plaintiff's Complaint.

10.    Defendants admit only that Penuel Raj Clement is the owner and president of Clement Auto Group, LLC and is involved in the management of same.  Defendants deny the remaining allegations contained in Paragraph 10 of the Factual Background section of Plaintiff's Complaint.

11.    Defendants admit only that Clement Auto Group, LLC hired Mr. Green as a Service Advisor-Writer. Defendants deny the remaining allegations contained in Paragraph 11 of the Factual Background section of Plaintiff's Complaint.

12.    Defendants admit the allegations contained in Paragraph 12 of the Factual Background section of Plaintiff's Complaint.

13.    Defendants deny the allegations contained in Paragraph 13 of the Factual Background section of Plaintiff's Complaint.

14.    Defendants deny the allegations contained in Paragraph 14 of the Factual Background section of Plaintiff's Complaint.

15.    Defendants deny the allegations contained in Paragraph 15 of the Factual Background section of Plaintiff's Complaint.

16.    Defendants deny the allegations contained in Paragraph 16 of the Factual Background section of Plaintiff's Complaint.

17.    Defendants deny the allegations contained in Paragraph 17 of the Factual Background section of Plaintiff's Complaint.

18.    Defendants deny the allegations contained in Paragraph 18 of the Factual Background section of Plaintiff's Complaint.

19.    Defendants admit the allegations contained in Paragraph 19 of the Factual Background section of Plaintiff's Complaint.

20.     Defendants admit only that Mr. Green's employment was terminated on March 15, 2024.  Defendants deny the remaining allegations contained in Paragraph 20 of the Factual Background section of Plaintiff's Complaint.

**COUNT I [2]**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

10.     Defendants incorporate by reference all denials and admissions of the foregoing paragraphs as if set forth herein.

11.     Defendants have a pending Motion to Dismiss on this Count. To the extent a further response is required, Defendants deny the same.

12.     Defendants have a pending Motion to Dismiss on this Count. To the extent a further response is required, Defendants deny the same.

13.     Defendants have a pending Motion to Dismiss on this Count. To the extent a further response is required, Defendants deny the same.

14.     Defendants have a pending Motion to Dismiss on this Count. To the extent a further response is required, Defendants deny the same.

15.     Defendants have a pending Motion to Dismiss on this Count. To the extent a further response is required, Defendants deny the same.

16.     Defendants have a pending Motion to Dismiss on this Count. To the extent a further response is required, Defendants deny the same.

17.     Defendants have a pending Motion to Dismiss on this Count. To the extent a further response is required, Defendants deny the same.

18.     Defendants have a pending Motion to Dismiss on this Count. To the extent a further

---

[2] Defendants note that Plaintiff's Complaint begins back at number 10 in this section. As such, Defendants' Answer mimics Plaintiff's numerical system for the purpose of consistency within the current and any further pleadings.

response is required, Defendants deny the same.

19.    Defendants have a pending Motion to Dismiss on this Count. To the extent a further response is required, Defendants deny the same.

20.    Defendants have a pending Motion to Dismiss on this Count. To the extent a further response is required, Defendants deny the same.

21.    Defendants have a pending Motion to Dismiss on this Count. To the extent a further response is required, Defendants deny the same.

22.    Defendants have a pending Motion to Dismiss on this Count. To the extent a further response is required, Defendants deny the same.

23.    Defendants have a pending Motion to Dismiss on this Count. To the extent a further response is required, Defendants deny the same.

24.    Defendants have a pending Motion to Dismiss on this Count. To the extent a further response is required, Defendants deny the same.

WHEREFORE, Defendants pray for judgment in their favor as to the allegations in Count I and further move that said Count be dismissed at Plaintiff's costs.

**DEFENDANTS DEMAND TRIAL BY JURY OF TWELVE**

**COUNT II**
**VIOLATION OF THE MISSOURI MINIMUM WAGE LAW**

25.    Defendants incorporate by reference all denials and admissions of the foregoing paragraphs as if set forth herein.

26.    Paragraph 26 states a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the same.

27.    Paragraph 27 states a legal conclusion for which no response is required. To the

extent a response is required, Defendants deny the same.

28.    Paragraph 28 states a legal conclusion for which no response is required. To the extent a response is required, Defendants admit only that MMWL states pursuant to Mo. Rev. Stat. § 290.505 (1) in part, "a rate not less than one and one-half times the regular rate at which he is employed." Answering further, Defendants deny that the remaining allegations in Paragraph 28.

29.    Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.    Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

WHEREFORE, Defendants pray for judgment in their favor as to the allegations in Count II and further move that said Count be dismissed at Plaintiff's costs.

## DEFENDANTS DEMAND TRIAL BY JURY OF TWELVE

## PRAYER FOR RELIEF

Defendants deny the allegations asserting that Plaintiff is entitled to any relief, including in each of the unnumbered paragraph beginning with "WHEREFORE" of the Plaintiff's Complaint, including numbers (1) through (5).

## GENERAL DENIAL

Defendants deny each and every allegation and claim set forth in Plaintiff's Complaint that otherwise is not specifically admitted in this Answer, including, but not limited to each and every allegation and claim for relief as set forth in Plaintiff's captions, titles, allegations, and prayers for relief.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted. In particular, Plaintiff improperly group pleads Defendants as if they are indistinguishable. Plaintiff attempts to do this by merely asserting throughout all his allegations that "Defendants" did or did not do certain things, in violation of Federal Rules of Civil Procedure and well-established federal precedent against same.

2.     At all times, Defendants have acted in accordance with, and in good faith compliance with, federal and state law.

3.     At all times relevant to the Complaint, Defendants possessed good faith defenses, based in law and/or fact which, if upheld, would preclude any recovery by Plaintiff based on the allegations of the Complaint.

4.     Defendants state, in the alternative if necessary, that the activities alleged in Plaintiff's Complaint, do not constitute compensable work under the Fair Labor Standards Act.

5.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answers and Affirmative Defenses, including but not limited to raising additional defenses that may become available during discovery and as established by the facts of the case.

Respectfully Submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Jason K. Winslow*
Jason K. Winslow 60710MO
211 North Broadway, Suite 2150
St. Louis, Missouri  63102
(314) 961-6686
(314) 338-3076 (fax)
jwinslow@grsm.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court on May 9, 2025, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

*/s/ Jason K. Winslow*